El Juez Presidente Señor Del Toro,
emitió la opinión del tribunal.
El 12 de julio último compareció ante notario Francisco González Fagundo por su propio derecho y como apoderado de su esposa Oliva Carmona Marchetti y vendió a Julio Vega dos fincas rústicas pertenecientes a la sociedad ganancial, situadas en el término municipal de Caguas.
Presentada la escritura para su inscripción en el registro de la propiedad del distrito, causó la siguiente nota:
“Denegada la inscripción del precedente documento y tomada en su lugar anotación por 120 días a favor del comprador Julio Vega, a los folios 80 vto. y 73 vto. de los tomos 175 y 91 de Caguas, fincas 927 tripldo. y 2803 dp. anotaciones B y B; por observarse que la escritura de poder No. 73 otorgada en Humacao el 2 de noviembre de 1918- ante el notario Carlos Travecier, por Doña Oliva Carmona Marchetti a *672 favor de su esposo clon Francisco González Fagundo, contiene vein-tiséis cláusulas, habiéndose especificado en algunas de ellas claramente que dicho apoderado actuará en relación con el mismo tanto en los bienes privativos como en los gananciales, mientras que en otras cláusulas sólo se refiere a los bienes de la poderdante, sin que se haya hecho extensiva a los bienes de la sociedad de gananciales, en-tre ellas la décima primera que es la que está en relación (son el documento que precede; no teniendo por tanto facultades para vender bienes de la sociedad de gananciales.”
No conforme González Fagundo, recurrió para ante este tribunal exponiendo en el propio escrito los fundamentos del recurso. Los de la nota constan de la misma y se amplían por el registrador en su alegato.
 La cláusula pertinente del poder que es la décima primera, expresa:
“Déoimo i RIMERO: Para que venda en todo o en parte todas las fincas que posea o pueda poseer la poderdante con las limitaciones que estime oportunas o en la forma que mejor convenga a sus inte-reses. ’ ’
Sostiene el recurrente que si bien es verdad que el poder en su cláusula undécima no habla de bienes privativos y gananciales, dicha cláusula no debe interpretarse aisladamente sino en relación con la primera, segunda y tercera por virtud de las cuales autoriza la esposa al esposo para que administre sus bienes “ya propios o ya de la sociedad de gananciales,” para que los arriende por el tiempo que estime conveniente y para que cobre cuantas cantidades le correspondan proce-dentes de cualquier contrato que con ellos celebre.
El registrador parece sostener que es precisamente de-bido a la distinción que existe entre las tres primeras cláusulas y las restantes del poder sin que éste contenga al final expli-cación alguna, que surge la ’ dificultad. Y tiene razón a nuestro juicio.
Los poderes son de interpretación estricta. Fano v. Registrador, 15 D.P.R. 334. Lo mismo que se hizo cuando se encomendó la administración, debió haberse hecho cuando se *673 otorgó la facultad de vender. Son cláusulas separadas y distintas que tienen vida por sí mismas y lo dispuesto en unas no es aplicable a las otras en ausencia de alguna cláusula que así lo determine. La misma parte interesada en el propio poder al referirse a los bienes gananciales dijo “bienes de la sociedad de gananciales” y así lo son en efecto. No los “posee” la poderdante. Son poseídos por una entidad de la que ella forma parte, pero que es distinta de ella, la sociedad de gananciales que tiene constituida con su esposo.

Debe declararse sin lugar el recurso, confirmándose la nota recurrida.